IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | )<br>)<br>)<br>) 1:07-cr-26 |
| v. | ) 1:13-cv-136<br>) |
| MARJORIE DIEHL-ARMSTRONG | ) |

## MEMORANDUM ORDER

On December 28, 2015, the Court entered a Memorandum Opinion and Order denying the § 2255 motion filed *pro se* by Defendant, Marjorie Diehl Armstrong. (ECF No. 326). Presently before the Court is Defendant's Motion for Reconsideration and Recusal (ECF No. 327), which is dated January 12, 2016, and which was received and filed by the Clerk's Office on January 19, 2016.[1] No response has been filed by the Government; nor is one necessary.

The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Cafe ex-rel Lou—Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)). A district court should exercise its discretion to alter or amend its judgment only if the movant demonstrates: (1) a change in the controlling law; (2) a clear error of law or fact or to prevent manifest injustice; or (3) availability of new evidence not available when the judgment was granted. *Id.*

Defendant has not established any of those things. Instead, she merely takes issue with this Court's reasoning and legal analysis, pointing out arguments or issues that she thinks this

---

1. Defendant has also filed a Notice of Appeal (ECF No. 28), which is dated January 12, 2016 and which the Clerk's Office received and filed January 20, 2016. Ordinarily, the filing of a Notice of Appeal divests the district court of jurisdiction over a case. *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam). Under certain circumstances, however, the filing of a notice of appeal of a final judgment does not automatically strip the district court of jurisdiction to alter that judgment. One such circumstance is when a motion for reconsideration is filed under Rule 59(e). *See* Fed. R. App. P. 4(A)(4)(B)(i). Accordingly, this Court retains jurisdiction over this case solely for the purpose of deciding the pending motion.

Court failed to adequately address in its Memorandum Opinion. However, "a motion for reconsideration is not properly grounded in a request for a district court to rethink a decision it has already made, rightly or wrongly." *Williams v. City of Pittsburgh*, 32 F. Supp. 2d 236, 238 (W.D. Pa. 1998). Accordingly, Defendant's Motion for Reconsideration is hereby **DENIED**. Defendant's Motion for Recusal is likewise **DENIED**, for she has not even raised a colorable claim that the undersigned's "impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Furthermore, no certificate of appealability shall issue because Defendant has not made a substantial showing of the denial of a constitutional right.[2] *See* 28 U.S.C. § 2253(c)(2).

It is **SO ORDERED**, this 25th day of January, 2016.

BY THE COURT:

s/Terrence F. McVerry
Senior United States District Judge

cc: **Marjorie Diehl Armstrong**
08916-068
FMC Carswell
P.O. Box 27137
Fort Worth, TX 76127
(via First Class U.S. mail)

**Marshall J. Piccinini**
Email: marshall.piccinini@usdoj.gov

(via CM/ECF)

---

2. Defendant should note that she may not appeal this Court's order denying her § 2255 motion unless a certificate of appealability is issued. Since this Court has declined to issue a certificate of appealability, she will need to request and receive one from the Third Circuit Court of Appeals. *See* 28 U.S.C. § 2253(c)(1).