IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) 1:07-cr-26 |
| v. | ) 1:13-cv-136 |
| | ) |
| MARJORIE DIEHL-ARMSTRONG | ) |

## MEMORANDUM ORDER

On December 28, 2015, the Court entered a Memorandum Opinion and Order denying the § 2255 motion filed *pro se* by Defendant, Marjorie Diehl Armstrong. (ECF No. 326). Thereafter, Defendant filed a "Motion for Reconsideration with Particular Reference to Specific Unaddressed Errors Raised on Petition for Relief; and for Recusal of Judge" (ECF No. 327), which was dated January 12, 2016, and which was received and filed by the Clerk's Office on January 19, 2016. Defendant also filed a Notice of Appeal (ECF No. 328), which was dated January 12, 2016 and which the Clerk's Office received and filed January 20, 2016.

On January 25, 2016, the Court entered a Memorandum Order denying Defendant's Motion for Reconsideration and Recusal. (ECF No. 329). A copy of the Memorandum Order was sent to Defendant via First Class U.S. Mail on that same date.

On January 26, 2015, the Clerk of Court filed three documents on behalf of Defendant: (1) a "Motion for Reconsideration with Particular Reference to Specific Unaddressed Errors Raised on Petition for Relief; and for Recusal of Judge Also for Disparity of Sentence Under (Section 2241),"[1] dated January 12, 2016, and mailed on January 14, 2016; (2) a Motion for

---

1. This document is identical to Defendant's already-denied Motion for Reconsideration, except she added "Also for Disparity of Sentence Under (Section 2241)" to the heading. There is nothing in the filing that could even generously be construed as raising a "sentencing disparity" issue. Neither of her other filings elaborate on the issue, either.

1

Appointment of Counsel, dated January 20, 2016; and (3) a letter dated January 21, 2016. (ECF Nos. 330-32).

However, as explained in the Court's prior Memorandum Opinion, the filing of Defendant's Notice of Appeal divests this Court of jurisdiction, which now rests with the Court of Appeals. Defendant's motions must be **DENIED** on that basis. The Court also notes that, to the extent Defendant's latest filing is seeking relief under 28 U.S.C. § 2241, it is procedurally improper. Section 2241 "'confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging *not the validity but the execution of his sentence.*'" *McGee v. Martinez*, 627 F.3d 933, 935 (3d Cir. 2010) (quoting *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001)) (emphasis added). Defendant, however, does not appear to be raising such a challenge. Any challenge to the validity of her sentence based on an alleged disparity in treatment should have been – but was not – raised on direct appeal and through the filing of a § 2255 motion.

It is **SO ORDERED**, this 27th day of January, 2016.

BY THE COURT:

s/Terrence F. McVerry
Senior United States District Judge

cc: **Marjorie Diehl Armstrong**
08916-068
FMC Carswell
P.O. Box 27137
Fort Worth, TX 76127

(via First Class U.S. mail)

**Marshall J. Piccinini**
Email: marshall.piccinini@usdoj.gov

(via CM/ECF)