# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA


MARJORIE DIEHL-ARMSTRONG,     )
     )
MARK MARVIN     ) CR 7-26
     ) CV 17-224
     )
    v.

UNITED STATES


## MEMORANDUM ORDER

By Memorandum Order dated April 13, 2018 ("April 13 Order"), this Court denied Mr. Marvin's Motion, whether brought pursuant to 28 U.S.C. §§ 2255 or 2241.   Mr. Marvin is a non-party to the underlying criminal matter, in which Defendant was convicted of and sentenced for violations of 18 U.S.C. §§ 371, 2113, and 924.  Defendant is now deceased.  Mr. Marvin has filed a Motion for Reconsideration of the April 13 Order.  For the following reasons, his Motion will be denied.

I again observe that Section 2255 relief is available to "[a] prisoner in custody under sentence of a court…."  28 U.S.C. § 2255(a).  Similarly, Section 2241 "limits available habeas relief to individuals'"in custody.'"  Caterbone v. Trump, No. 17-4000, 2017 U.S. Dist. LEXIS 164400, at *15 (E.D. Pa. Oct. 4, 2017).   A defendant is "in custody" when "laboring under a liberty limitation" arising from a criminal conviction.  United States v. Wilson, No. 98-13, 2007 U.S. Dist. LEXIS 94710, at *10 (S.D. Miss. Dec. 26, 2007).  Neither Mr. Marvin nor Ms. Diehl-Armstrong are in "custody," as contemplated by statute; consequently, neither Section 2241 nor 2255 are appropriate vehicles for Mr. Marvin's request.  Moreover, a Section 2241 petition must be brought in a prisoner's district of confinement.  United States v. Hawkins, 614 F. App'x 580,

582 (3d Cir. 2015). Ms. Diehl-Armstrong was incarcerated in Texas, and not within this District, at the time of her death.

Mr. Marvin appears to assert that the Bureau of Prisons violated free speech rights, by failing to recognize that "friend" referred to Quaker, and that Defendant intended to designate him as next of kin, and by failing to recognize his marriage. In support of his ability to seek relief, Mr. Marvin points to cases arising not under Sections 2255 or 2241, but under other legal constructs that allow a plaintiff to sue on another's behalf. Gardner v. Parson, 874 F. 2d 131 (3d Cir. 1989) (42 U.S.C. 1983 claim on behalf of minor); Davis v. Monroe Cnty. Bd. of Educ., 526 U.S. 629 (1999) (Title IX claim on behalf of minor); Whitmore v. Arkansas, 495 U.S. 149 (inmate's effort to intervene in fellow inmate's impending execution). I emphasize that neither the April 13 Order nor today's Memorandum Order contains or constitutes a finding regarding the propriety of the Bureau of Prison's approach to Ms. Diehl-Armstrong's remains; the Court has not reached that issue, which cannot be addressed in this proceeding.

AND NOW, this 14th day of June, 2018, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant's Motion for Reconsideration is DENIED.

BY THE COURT:

_____

Donetta W. Ambrose

Senior Judge, U.S. District Court