IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| MARJORIE DIEHL-ARMSTRONG, | ) | |
|---|---|---|
| | ) | |
| MARK MARVIN | ) | CR 7-26 |
| | ) | CV 17-224 |
| | ) | |
| v. | | |
| UNITED STATES | | |

## OPINION AND ORDER

### SYNOPSIS

Before the Court is Mr. Marvin's submission titled, "Motion for Vacation of Prior Orders, Recusal of Judge." Therein, in addition to seeking my recusal, he asserts several assignments of error in this Court's Memorandum Order dated June 14, 2018 ("June 14 Order"). The June 14 Order denied his Motion for Reconsideration of a Memorandum Order dated April 13, 2018 ("April 13 Order") denying his Petition, whether brought pursuant to Section 2255 or 2241. Mr. Marvin was a non-party to the underlying criminal matter, in which the United States prosecuted Ms. Diehl-Armstrong for various crimes. For the following reasons, the Motion will be denied.

**A. HISTORY**

A brief procedural history of this matter is instructive. On November 1, 2010, a jury convicted Defendant of three counts of violating 18 U.S.C. §§ 371, 2113, and 924. On March 2, 2011, the Court, per Judge McLaughlin, filed an Amended Judgment sentencing Defendant to a term of imprisonment of life plus 360 months. Defendant appealed, and while her appeal was pending, she filed a Motion pursuant to Section 2255. The Court denied the Motion as

1

premature, given the pendency of the appeal. On November 15, 2012, the Court of Appeals affirmed the District Court judgment, and a mandate followed. United States v. Diehl-Armstrong, 504 Fed. Appx. 152 (3d Cir. 2012).

On May 16, 2013, Defendant filed a Section 2255 Motion. The Court denied the Motion on December 28, 2015, and the Court of Appeals denied a certificate of appealability on May 2, 2016. Subsequently, Mr. Marvin filed a Section 2255 Motion on Defendant's behalf, on August 7, 2017. Mr. Marvin asserted that he was advised that Defendant, his wife, had died. He sought the production of her body, abatement of the indictments against her, and an inquiry into the causes of her detention. In response, the Government asserted that Defendant had died in Fort Worth, Texas, on April 4, 2017.[1] This Court denied the Motion by Order dated April 13, 2018. Mr. Marvin filed a Motion for Reconsideration, which was denied in the June 14 Order. Mr. Marvin then filed the Motion now before the Court.

**B. MR. MARVIN'S MOTION**

Mr. Marvin's submissions to date implicate the following matters: a collateral attack on alleged miscarriages of justice at Defendant's 2010 trial; a challenge to alleged violations of his and Defendant's free exercise rights, which occurred after and were related to Defendant's death; a request that he be granted possession of Defendant's remains; and a request that I recuse myself, as biased, from these proceedings.

I first address Mr. Marvin's effort to collaterally attack Defendant's sentence pursuant to Section 2255.[2] In this context, he contends that she is entitled to abatement. Abatement refers,

---

[1] Pursuant to Fed. R. Civ. P. 11, an attorney signing a court filing certifies, inter alia, that to the best of the signer's knowledge, information, and belief, the factual contentions therein have evidentiary support.

[2] Mr. Marvin correctly insists that a Section 2255 Motion is properly brought in the sentencing court, and suggests that this Court's June 14 Order stated otherwise. The June 14 Order, however, merely indicated that a petition under Section 2241 – an alternative potential basis for Mr. Marvin's claim for relief -- is properly brought in the district of confinement.

2

generally, to the practice of dismissing a case if an appeal is pending at the time of a petitioner's death. At the time of Defendant's death, no appeal or petition was pending. Moreover, the practice of abatement "is premised on the fact that the 2255 motion is, by virtue of petitioner's death, rendered moot." Krantz v. United States, 224 F.3d 125, 127 (2d Cir. 2000). A petitioner who is deceased is no longer "in custody" within the meaning of federal habeas statutes, because those statutes can "provide no relief to those now deceased." Cf., e.g., United States v. Lund, No. 95-05292, 2017 U.S. Dist. LEXIS 101515, at *2 (E.D. Cal. June 28, 2017). Further, Mr. Marvin claims, generally, that Defendant's trial was a miscarriage of justice. Defendant's numerous challenges to her trial were fully adjudicated at both the trial and appellate levels. Assuming that Mr. Marvin is entitled to bring a second Section 2255 Motion on Defendant's behalf, such a motion cannot be entertained absent certification by the Court of Appeals. 18 U.S.C. § 2255(h).

In the collateral attack vein, Mr. Marvin also points to the alternative of coram nobis relief, which is viewed "as essentially a remedy of last resort." Elmour v. Gov't of the V.I., No. 2007/020, 2010 U.S. Dist. LEXIS 140871, at *9 (D.V.I. Oct. 22, 2010). Such limited and extraordinary relief requires, inter alia, a fundamental error going to the trial court's jurisdiction, rendering the trial invalid; in addition, there must have been no remedy available at the time of trial. United States v. Lynch, 807 F. Supp. 2d 224, 234 (E.D. Pa. 2011); Elmour, 2010 U.S. Dist. LEXIS at *17. Defendant's initial Section 2255 and appellate proceedings provided a forum for such claims, and Defendant has pointed to no circumstance here under which coram nobis is appropriately considered.

Next, the Court recognizes that Mr. Marvin claims violations of First Amendment religious rights related to Defendant's death. I reiterate, however, that Mr. Marvin has not here

3

availed himself of an appropriate legal proceeding or mechanism with which to redress such violations. The Court finds no legal authority that would allow Mr. Marvin to utilize a collateral attack in Defendant's underlying criminal proceeding to assert violations of his own First Amendment rights. Likewise, the Court finds no authority permitting the use of collateral attack, under these circumstances, to posthumously allege violations of Defendant's First Amendment rights that occurred after her death.

Finally, Mr. Marvin seeks my recusal. In so doing, he equates this Court's denial of his claims with an expression of hostility towards his First Amendment rights, advocacy for the Government, and evidence of a conflict of interest. However, Mr. Marvin has neither established nor suggested grounds that would lead a reasonable person to harbor doubts about this Court's impartiality. A reasonable person, with knowledge of all the facts, would not conclude that this Court's impartiality might reasonably be questioned. See, e.g., In re Kensington Int'l Ltd., 353 F.3d 211, 220 (3d Cir. 2003). Adverse rulings alone, or a petitioner's impression of bias, are not sufficient to demonstrate the required bias. See, e.g., Toolasprashad v. Grondolsky, 570 F. Supp. 2d 610, 643, 645-46 (D.N.J. 2008). Indeed, the Court bears no prejudice against Mr. Marvin or Defendant or their asserted religious beliefs, or in favor of the Government, and has neutrally assessed all of Mr. Marvin's and the Government's submissions; the record does not objectively suggest to the contrary.

## CONCLUSION

In sum, whether it be a question of standing to assert his claims, or a question of the propriety of this forum, proceeding, or Mr. Marvin's chosen legal mechanisms, he cannot obtain the relief that he seeks. The Court does not repudiate Mr. Marvin's religious right to be married, and does not hold that he cannot bring any action on behalf of Ms. Diehl-Armstrong, or that the

Bureau of Prison's conduct was proper. As previously stated in this proceeding, no pronouncement has issued on those subjects, today or in prior Orders of this Court. Mr. Marvin's requests to vacate prior Court Orders, and for recusal, will be denied. An appropriate Order follows.

BY THE COURT:

*[signature: Donetta F. Ambrose]*

Donetta W. Ambrose

Senior Judge, U.S. District Court

Dated: August 9, 2018

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARJORIE DIEHL-ARMSTRONG, | ) |
| | ) |
| MARK MARVIN | ) CR 7-26 |
| | ) CV 17-224 |
| | ) |
| v. | |
| UNITED STATES | |

**ORDER**

AND NOW, this 9th day of August, 2018, it is hereby ORDERED, ADJUDGED, and DECREED that Mr. Marvin's Motion for Vacation of Prior Orders, Recusal of Judge is DENIED.

BY THE COURT:

*Donetta F. Ambrose*

Donetta W. Ambrose

Senior Judge, U.S. District Court